IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 17 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-01037-BNB

ALEXANDER CARDENAS,

Applicant,

v.

STEVE HARTLEY, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO, JOHN W. SUTHERS,

Respondents.

## ORDER TO DRAW IN PART AND TO DISMISS IN PART

Applicant, Alexander Cardenas, is a prisoner in the custody of the Colorado Department of Corrections (DOC) and is currently incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado. Mr. Cardenas initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. Mr. Cardenas is challenging the validity of his conviction and sentence in Case No. 97CR4097 in the District Court for the City and County of Denver, Colorado.

In an order filed on May 10, 2010, Magistrate Judge Craig B. Shaffer directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses. After receiving an extension of time, Respondents submitted a pre-answer response on June 17, 2010. Mr. Cardenas did not file a reply.

On July 26, 2010, Magistrate Judge Boyd N. Boland determined that the Pre-Answer Response was deficient because Respondents failed to submit as exhibits all relevant portions of the state court record. Specifically, Respondents did not provide to the Court Mr. Cardenas' opening brief on direct appeal. Accordingly, Magistrate Judge Boland directed Respondents to supplement the Pre-Answer response and provide the requested documentation. Respondents filed a Supplement to the Pre-Answer Response on July 26, 2010.

The Court must construe liberally the Application filed by Mr. Cardenas because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will order the Application drawn in part and dismissed in part.

## I. Background and State Court Proceedings

A jury found Mr. Cardenas guilty of second degree murder. On August 17, 1998, he was sentenced to thirty-two years in the custody of the DOC. Pre-Answer Resp. at Ex. A, p. 6 (State Court Register of Action). Mr. Cardenas filed a direct appeal to the Colorado Court of Appeals (CCA), and the CCA affirmed the trial court on November 9, 2000. *See People v. Cardenas*, 25 P.3d 1258 (Colo. App. 2000). The Colorado Supreme Court (CSC) denied certiorari review on July 5, 2001. Pre-Answer Resp. at Ex. A, p. 4.

On November 5, 2001, Mr. Cardenas filed a motion for sentence reconsideration pursuant to Colorado Rule of Criminal Procedure 35(b), which the trial court denied on December 4, 2001. Pre-Answer Resp. at Ex. A, p. 4. Mr. Cardenas did not file an appeal.

On November 19, 2001, Mr. Cardenas filed a motion for post-conviction relief pursuant to Colorado Rule of Criminal Procedure 35(c). *Id.* The trial court appointed counsel to represent Mr. Cardenas. On March 29, 2004, Mr. Cardenas' post-conviction counsel filed a letter with the trial court, indicating that Mr. Cardenas' post-conviction motion was not supported by the record. *Id.* On April 28, 2004, the trial court permitted post-conviction counsel to withdraw and allowed Mr. Cardenas to submit additional motions in support of his Rule 35(c) motion.

Before the trial court issued a ruling on the Rule 35(c) motion, Mr. Cardenas filed a motion to correct illegal sentence pursuant to Rule 35(a) on October 6, 2005. *Id.* at 3. The trial court denied the Rule 35(a) motion on March 21, 2006. *Id.* Mr. Cardenas filed an appeal with respect to his Rule 35(a) motion, and the CCA affirmed the trial court on May 24, 2007. *See People v. Cardenas*, No. 06CA0825 (Colo. App. May 24, 2007) (unpublished opinion).

On March 3, 2008, Mr. Cardenas requested a ruling from the trial court on his Rule 35(c) motion, which remained pending. Pre-Answer Resp. at Ex. A, p. 2. The trial court denied the Rule 35(c) motion on May 27, 2008. *Id.* Mr. Cardenas filed an appeal, and the CCA affirmed the trial court on June 11, 2009. *See People v. Cardenas*, No. 08CA1343 (Colo. App. June 11, 2009) (unpublished opinion). The CSC denied

certiorari review on October 13, 2009. Pre-Answer Resp. Supp. at Ex. 3, p. 1.

Mr. Cardenas then filed the instant Application, which was received by the Court on April 23, 2010. Respondents concede, and the Court agrees, that the Application is timely under 28 U.S.C. § 2244(d).

Mr. Cardenas asserts six claims for relief as follows:

> (1) The double jeopardy clause was violated when Mr. Cardenas was tried on the charge of second degree murder with or without heat of passion after a previous trial ended in a hung jury that was divided between acquittal and conviction on second degree murder with heat of passion;
>
> (2) The trial court erroneously refused to instruct the jury on the offenses of reckless manslaughter and criminally negligent homicide;
>
> (3) The trial court erroneously allowed introduction of a prior statement by the victim;
>
> (4) The trial court did not provide adequate opportunity for the defense counsel to prepare a proper theory of defense instruction after the court refused to submit defense counsel's original theory of the case instruction;
>
> (5) The trial court erroneously refused to suppress Mr. Cardenas' prior felony conviction; and
>
> (6) The trial court violated Mr. Cardenas' right to due process by admitting into evidence involuntary statements he made to the police while intoxicated.

Respondents concede that Claims One and Six are exhausted and are ripe for federal habeas review. Respondents argue, however, that Claims Two, Three, Four and Five are not exhausted and are now procedurally defaulted.

## II. Exhaustion and Procedural Default

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner

bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

"Generally speaking, [the Court] do[es] not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007) (citation omitted). Mr. Cardenas' *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Ineffective assistance of counsel, however, may establish cause excusing a procedural default. *Jackson v. Shanks*, 143 F.3d 1313, 1319 (10th Cir. 1998). An applicant, however, must show "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" and have "presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986). A showing of a probability of actual innocence is required to meet the fundamental miscarriage of justice exception. *See Bousley v. United States*, 523 U.S. 614, 622 (1998).

III. Analysis

Respondents argue that Claims Two, Three, Four and Five are unexhausted because Mr. Cardenas relied only on Colorado case law when he presented these claims to the state courts. Pre-Answer Resp. at 11-12. Respondents therefore argue

6

that Mr. Cardenas failed to present these claims to the state courts as asserting a federal constitutional question. *Id.* Respondents conclude that the claims now are procedurally barred because under Colo. R. Crim. P. 35(c)(3)(VI) and (VII) the claims would be rejected as successive and an abuse of the process. *Id.* at 17.

Upon review of Mr. Cardenas' opening brief on direct appeal to the CCA, the Court finds that his presentation of the claims set forth above does not satisfy the fair presentation requirement because he failed to connect these issues to any claim under federal law. *See* Pre-Answer Resp. Supp. at Ex. 1, p. 18-31. He did not cite to any provision of the federal Constitution, he relied solely on Colorado state law, and he did not label the claims as "federal" claims. *See Baldwin v. Reese*, 541 U.S. 27, 32-33 (2004). Mr. Cardenas therefore failed to set forth any argument which would have alerted the state appellate court to particularized claims of violations of his federal constitution rights.

In order to allow the state courts the opportunity to act on or correct the constitutional violations he alleges, Mr. Cardenas must provide legal theory explaining how the decisions of the state court violated the particular federal constitutional rights he claims were violated. *See, e.g., Anderson*, 459 U.S. at 78 (claim on direct appeal that jury instruction was reversible error did not fairly present due process challenge to instruction for habeas exhaustion purposes); *Picard*, 404 U.S. at 276-77 (holding that habeas petitioner failed to fairly present federal claim to state court where, despite presenting all necessary facts, petitioner failed to assert specific argument that he later tried to raise in federal court); *see also Thomas v. Gibson*, 218 F.3d 1213, 1221 n. 6

(10th Cir. 2000) (holding that petitioner's general state court claim was insufficient to exhaust his later, more specific federal habeas claim). Finally, the fact that Mr. Cardenas specifically cited or referred to the federal Constitution or federal case law in connection with Claims One and Six in his direct appeal further illustrates that he did not present Claims Two, Three, Four and Five as federal ones. Accordingly, the Court finds that Mr. Cardenas has failed to exhaust Claims Two, Three, Four and Five.

Moreover, with limited exceptions that are not applicable to these claims, the Colorado Rules of Criminal Procedure bar Mr. Cardenas from raising a claim in a post-conviction motion that could have been raised on direct appeal. *See* Colo. R. Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought"); *see also People v. Bastardo*, 646 P.2d 382, 383 (Colo. 1982) (stating that postconviction review is not available to address under a recently contrived constitutional theory issues that were raised previously). Therefore, the Court finds that Mr. Cardenas has procedurally defaulted Claims Two, Three, Four and Five in state court.

Mr. Cardenas also has failed to show cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that the failure to consider his claim will result in a fundamental miscarriage of justice. Claims Two, Three, Four and Five, therefore, are procedurally barred from federal habeas review and must be dismissed. Accordingly, it is

ORDERED that Claims Two, Three, Four and Five are dismissed as procedurally barred. It is

FURTHER ORDERED that Claims One and Six shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this __16th__ day of __August__, 2010.

BY THE COURT:

__s/Philip A. Brimmer__
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 10-cv-01037-BNB

Alexander Cardenas
Prisoner No. 98159
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

Ryan A. Crane
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 8/17/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk